IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVSION

| | | |
|---|---|---|
| DONNA SMITH,     Plaintiff, | § § § | C.A. NO. 4:21-cv-00524 |
| -VS- | § § | JURY TRIAL DEMANDED |
| THE KROGER COMPANY AND KROGER TEXAS L.P     Defendants. | § § § § | |

## DEFENDANT'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, THE KROGER TEXAS, L.P., Movant, makes this motion to the Court to enter an order prior to the voir dire examination of the jury panel, that opposing counsel, and through opposing counsel any and all witnesses called on behalf of opposing parties, be instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary evidence, concerning the matters set forth herein.  In this connection, Movants request the Court to order, if opposing counsel wishes to propose a theory of admissibility concerning these matters, that opposing counsel first must request a ruling from the Court outside the presence of hearing of all prospective jurors and jurors ultimately selected in this cause.  In support of this motion, Movants show the following:

I.

The matters set forth would be inadmissible in evidence for any purpose on proper and timely objection and that they have no bearing on the issues in this case and the rights of the parties.

II.

Permitting interrogation of witness, comments to jurors, or prospective jurors, or offers of evidence concerning any of the matters set forth would prejudice the jury, and sustaining objections

to such questions, statements, or evidence introduced by counsel or witnesses will not prevent prejudice but will reinforce the development of questionable evidence.

III.

The following matters would not be admissible for any purpose in this cause:

1. Any reference to or suggestion that the payments made and the prospective judgment might be paid by someone other than Defendant.

2. Any reference to the financial status of either party. In particular, any reference to Plaintiff being poor or disadvantaged in any way, separate from discussions concerning lost wages and wage earning capacity, as well as any reference to this Defendant being a large, profitable corporation.

3. Any reference to the probable testimony of any witness that Plaintiff cannot possibly aver will be called at the time of trial.

4. Any reference to the failure on the part of Defendant to call a witness which is not under its control.

5. Any reference to any objection by Defendant's counsel to any matter in trial or discovery.

6. Any reference to any other accidents at this or any other store owned or operated by this Defendant that do not involve the interior of a fuel kiosk and have substantially similar accident facts.

7. Any references to the investigation of this incident following its occurrence and after reasonable anticipation of litigation. Such testimony has absolutely no bearing on the liability of your Defendant for the condition which allegedly existed to cause this accident.

8. Any reference to any offer to settlement offers or discussions.

9. Any reference to criminal convictions, citations, arrests or the use or allegations involving the use of drugs or alcohol of any of Defendant's witnesses.

10. Any reference to the amount of medical expenses, without evidence that the expenses are reasonable and necessary and were incurred.

11. Any reference to prospective medical expenses without evidence that such expenses are reasonable, necessary, probable in their likelihood, and related to the incident made the basis of this claim.

12. Any request to Defendant or its counsel to produce information or documents not previously requested during the discovery process.

13. Any mention or reference to an argument or suggestion that Defendants have spoliated any evidence, including but not limited to video of the incident or the scene of the accident. Whether or not spoliation occurs is a legal matter for the court and the court only. As such, the presence or absence of evidence with the supposed theory of its destruction is highly prejudicial and should be excluded from the jury . *See Brookshire Bros.Ltd. v. Aldridge,* 438 S.W. 3d 9, (Tex. 2014).

14. Any reference to the administrative processes of the Texas Workers Compensation system or comparisons between the Texas Worker's Compensation system and the process that Kroger employees experience for the evaluation and awarding of claim benefits. This case has nothing to do with the Texas Worker's Compensation program inasmuch as Kroger has made a legal and appropriate election to be a non-subscriber. Suggestions or claims that the Texas Worker's Compensation system has a procedure or benefit that the Kroger employee benefit plan does not imply incorrectly and with unnecessary prejudice that Kroger employees suffer some burden or detriment because of the Kroger employee benefit plan. Since there is no issue in this case that would relate to an evaluation of the Kroger employee benefit plan as it relates to other plans including the Texas Worker's Compensation system, any such testimony or argument should be excluded as misleading and prejudicial.

15. References to the filing of this Motion in Limine or to any ruling by the Court in response to this motion. Such references are inherently prejudicial in that they suggest or infer that the Movant has sought to prohibit proof or that the Court has excluded proof of matters damaging to Movant's case.

WHEREFORE, PREMISES CONSIDERED, Defendant, KROGER TEXAS L.P requests that this Court enter an order as follows:  that counsel for Plaintiff, DONNA SMITH, and through counsel any and all witnesses called on behalf of Plaintiff, be and are instructed to refrain from any mention whatsoever regarding any of the matters set forth in such motion, including the offering of documentary evidence, without first requesting and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause with regard to any alleged theory of admissibility of such matters.

Respectfully submitted,

THE AKERS FIRM, PLLC

By: *[signature: Brock C. Akers]*

        Brock C. Akers
        Federal I.D. No. 2046
        State Bar No. 00953250
        THE AKERS FIRM, PLLC
        3401 Allen Parkway, Suite 101
        Houston, Texas 77019
        Telephone: 713-877-2500
        Facsimile: 713-583-8662
        E-mail: bca@akersfirm.com

**<u>CERTIFICATE OF SERVICE</u>**

    WE HEREBY CERTIFY that, on this 7th day of March 2023, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*[signature: Brock C. Akers]*

        Brock C. Akers

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVSION

| | | |
|---|---|---|
| DONNA SMITH, § | | |
|    Plaintiff, § | C.A. NO. 4:21-cv-00524 | |
| § | | |
| -VS- § | JURY TRIAL DEMANDED | |
| § | | |
| THE KROGER COMPANY AND § | | |
| KROGER TEXAS L.P § | | |
|    Defendants. § | | |

## **O R D E R**

ON THIS DAY, CAME ON to be heard the Motion in Limine of Defendant, THE KROGER CO.  The Court, after hearing arguments and agreements of all parties, hereby rules:

Paragraphs _____, of Defendant's Motion in Limine are in all things granted, and Plaintiff's counsel is hereby prohibited from mentioning or alluding to the matters contained within these paragraphs without first approaching the bench and receiving leave of Court.

Paragraphs _____, of Defendant's Motion in Limine are denied.

All other relief not expressly granted is hereby denied.

SIGNED this \_\_\_\_\_ day of _____, 2023.

_____
JUDGE PRESIDING

APPROVED:

    THE AKERS FIRM, PLLC

By: *[signature: Brock C. Akers]*

    Brock C. Akers
    Federal I.D. No. 2046
    State Bar No. 00953250
    3401 Allen Parkway, Suite 101
    Houston, Texas   77019
    Telephone:  (713) 877-2500
    Facsimile:   1-713-583-8662
    Email – bca@akersfirm.com
    ATTORNEY FOR DEFENDANT